# MEMO ENDORSED

ATTORNEYS AT LAW

225 LIBERTY STREET, 28TH FLOOR   NEW YORK, NEW YORK 10281-1008

www.sedgwicklaw.com   212.422.0202 phone   212.422.0925 fax

# Sedgwick LLP

> A pre-motion conference will be held on December 31, 2014, at 10:30 am. Plaintiff is directed to submit a written response not longer than 3 pages by 5:00 pm on December 24, 2014.

*Michael H. Bernstein*
*(212) 898-4011*
*michael.bernstein@sedgwicklaw.com*

December 8, 2014

**The application is**  ✓ granted.
                          __ denied.

_____

Edgardo Ramos, U.S.D.J.
Dated: _____ 12/9/14 _____
New York, New York 10007

*Via Facsimilie (212-805-0294)*

Hon. Edgardo Ramos, U.S.D.J.
United States District Court For
The Southern District of New York
40 Foley Square, Courtroom 619
New York, NY 10007

Re:  *Mbody Minimally Invasive Surgery, P.C. v. UnitedHealthCare Insurance Company, et al.*
     Civ. Act. No.:        14-cv-2495
     Sedgwick File No.:     03246-000239

Dear Judge Ramos:

This office represents Defendants in the above-referenced action. We write to request a pre-motion conference to discuss a briefing schedule for Defendants' proposed motion to dismiss Plaintiffs' Amended Complaint pursuant to Rules 12(b)(1) and (6), and 12(f), FED. R. CIV. P., for the reasons set forth below:

Plaintiffs allege that they are out-of-network providers with no direct contractual relationship with Defendants. Defendants dispute this allegation. Plaintiffs allege that they were underpaid or improperly paid on numerous benefit claims for services rendered to members in health plans insured by and/or administered by the Defendants. After Defendants challenged the sufficiency of Plaintiffs' original Complaint in their pre-motion conference request letter dated August 27, 2014, Plaintiffs elected to file an Amended Complaint, which attaches several appendices identifying the claims at issue. The claims start in June 2011 and run through September 2014. According to Plaintiffs' appendices, their claims arise under: (1) employee welfare benefit plans governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*, as amended ("ERISA"); (2) a non-ERISA governed New York state governmental plan known as the "Empire Plan"; (3) Medicare-governed plans; and (4) Medicaid-governed plans. Plaintiffs have asserted eleven counts, which are materially the same as those alleged in their original Complaint, adding an eleventh claim for tortious interference with prospective economic advantage. None of these counts can survive a motion to dismiss[1] because Plaintiffs lack statutory standing to pursue them and/or because Plaintiffs' counts all fail to state a claim for which relief may be granted.

First, a large portion of Plaintiffs' claims are subject to contractual agreements entered into between Plaintiff Nick Gabriel, DO ("Gabriel") and Defendants. Gabriel alleges that he entered into one such agreement with Defendant United Healthcare Insurance Company of New York ("UHNY") in 2006. (AC, ¶36). Plaintiffs allege (inaccurately) that the Agreement terminated in 2008. (AC, ¶41). Defendants contend that the Agreement did not terminate until September 1, 2012. (AC, ¶42). While the merits of this dispute may not be easily resolved at the motion to dismiss stage, the Agreement mandates that any disputes must be resolved pursuant to the dispute resolution procedure outlined in the Agreement, which requires the matter be submitted to "binding arbitration in accordance with the Commercial Dispute Procedures of the American Arbitration Association." This includes resolution of disputes concerning the arbitrability of certain disputes under the Agreement. Accordingly, this Court does not have jurisdiction over any claims arising under the UHNY Agreement prior to September 1, 2012. Rather,

---

[1] If this Court finds that the first five counts fail to state a claim, the Court is without subject matter jurisdiction to decide the remaining state law claims.

19727491v1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 12/9/2014

Hon. Edgardo Ramos, U.S.D.J.
Re: *Mbody Minimally Invasive Surgery, P.C. v. UnitedHealthCare Insurance Company, et al.*
December 8, 2014
Page 2

the parties' dispute with respect to these claims must be resolved in arbitration, and therefore these claims must be dismissed pursuant to Rule 12(b)(1), FED. R. CIV. P. *See* 9 U.S.C. §3; *Nayal v. HIP Network Servs., Inc.*, 620 F. Supp.2d 566, 574 (S.D.N.Y. 2009).

Second, Plaintiffs have not sufficiently alleged facts demonstrating that any of them have statutory standing to assert any cause of action under ERISA. Plaintiffs erroneously allege that they can pursue claims under ERISA as "beneficiaries." (AC, ¶75). But, as a matter of law, Plaintiffs are not "beneficiaries" under ERISA. *See* ERISA §3(8), 29 U.S.C. §1002(8). Although, the Second Circuit has held that medical providers with valid assignments of benefits may have "derivative standing" to pursue claims for benefits under ERISA §502(a)(1)(B), it has never recognized medical providers as actual ERISA "beneficiaries." *See Simon v. General Elec. Co.*, 263 F.3d 176, 177 (2d Cir. 2001). Nonetheless, Plaintiffs' Amended Complaint seeks a host of expansive remedies that are not available to them even if the Court were to accept their alleged right to derivative standing. As such, the Amended Complaint fails to articulate any valid basis upon which to establish Plaintiffs' claimed ERISA standing to pursue any claims as an ERISA "beneficiary." *See Mbody Minimally Invasive Surgery, P.C. v. Empire Healthchoice HMO, Inc.*, No. 13-cv-6551(TPG), 2014 WL 4058321, *3 (S.D.N.Y. Aug. 15, 2014).

Furthermore, all of the plans under which Plaintiffs' claims arise, including the Empire Plan, do not allow members to assign their rights under the plans to medical providers. It is well settled in this Circuit that "[t]he right to reimbursement under a health plan may be assigned by a patient covered by the health plan to a health care provider *so long as the plan instrument does not specifically prohibit such assignments*." *Artandi v. Buzack*, No. 02 Civ. 5759(JCF), 2004 WL 764907, *5 (S.D.N.Y. Apr. 9, 2004) (emphasis added). Many of Plaintiffs' ERISA claims involve Oxford Plans, which contain an anti-assignment provision stating, in pertinent part, that "Any benefits under this Certificate are not assignable by any Member without Our written consent. In addition, this Agreement shall not confer any rights or obligations on third parties except as specifically provided herein." In *U.S. Airways, Inc. v. McCutchen*, ___ U.S. ___, 133 S.Ct. 1537, 1543 (2013), the Supreme Court recognized that ERISA plan terms control and cannot be rendered nugatory by general equitable principles. It is therefore not enough for Plaintiffs to allege that they have assignments of benefits because they do not allege that Defendants consented to them in writing. The Empire Plan similarly states that "Assignment of benefits to a non-participating provider is not permitted," which provision is enforceable under New York law. *See Allhusen v. Caristo Const. Corp.*, 303 N.Y. 446, 452, 103 N.E.2d 891, 893 (1952); *Spinex Labs. Inc. v. Empire Blue Cross & Blue Shield*, 212 A.D.2d 906, 906, 622 N.Y.S.2d 154, 155 (3d Dep't 1995). Accordingly, Plaintiffs' claims must be dismissed due to their lack of standing.

Third, Plaintiffs' Amended Complaint fails to state a claim because Defendants under ERISA are not the ERISA plans or plan administrators for the plans in issue. ERISA §502(d)(1), 29 U.S.C. §1132(d)(1) provides that "[a]n employee benefit plan may sue or be sued under this subchapter as an entity." The Second Circuit and district courts in this Circuit have consistently ruled that the only proper defendant in an ERISA §502 lawsuit is the plan or the plan administrator. *See Chapman v. ChoiceCare Long Island Long Term Disability Plan*, 288 F.3d 506 (2d Cir. 2002); *New York State Psychiatric Ass'n, Inc. v. UnitedHealth Group, Inc.*, 980 F. Supp.2d 527, 549 (S.D.N.Y. 2013). Plaintiffs have not alleged any facts to even suggest that Defendants are the named plan administrator or the plan administrator by default under ERISA §3(16), 29 U.S.C. §1002(16). Therefore, Plaintiffs' Amended Complaint should be dismissed for failing to state claim for which relief can be granted against the Defendants pursuant Rule 12(b)(6) FED R. CIV. P. *See Star Multi Care Services, Inc. v. Empire Blue Cross Blue Shield*, 6 F. Supp.2d 3d, 225, 2014 WL 1057332 (E.D.N.Y. 2014). Similarly, Plaintiffs' claim for statutory penalties against the Defendants for their alleged failure to provide SPDs must be dismissed because: (a) Plaintiffs do not have any rights to even request SPDs from the plans because they are not plan participants, and (b) statutory penalties are only available against the plans or plan administrators. *See* ERISA §502(c); *Krauss v. Oxford Health Plans (NY), Inc.*, 517 F.3d 614, 631 (2d Cir. 2008).

Fourth, Counts Two through Five of Plaintiffs' Amended Complaint, which seek redundant relief under ERISA §502(a)(3) for benefit claims that, at best, arise under ERISA §502(a)(1)(B), should be dismissed pursuant to Rule 12(b)(6), FED. R. CIV. P. because they fail to state a claim for which relief may be granted. Initially, and as noted

Hon. Edgardo Ramos, U.S.D.J.
Re: *Mbody Minimally Invasive Surgery, P.C. v. UnitedHealthCare Insurance Company, et al.*
December 8, 2014
Page 3

above, Plaintiffs do not have legal standing to pursue any claims under ERISA due to the fact that the healthcare benefit plans under which the claims in issue arise do not permit assignments of benefits. Moreover, the relief sought in Counts Two through Five is entirely duplicative of the relief sought in Plaintiffs' First Count under ERISA §502(a)(1)(B) and must therefore be dismissed. *See Frommert* v. *Conkright*, 433 F.3d 254, 270 (2d Cir. 2006) *rev'd on other grounds* 559 U.S. 506 (2010); *Biomed Pharmas., Inc.* v. *Oxford Health Plans (NY), Inc.*, 775 F. Supp.2d 730, 737-38 (S.D.N.Y. 2011); *see also Varity Corp.* v. *Howe*, 516 U.S. 489, 515 (1996).

Plaintiffs' Amended Complaint also uses inaccurate and misleading factual allegations as "examples" to support their alleged claims under ERISA, which must be stricken as impertinent and immaterial under Rule 12(f), FED. R. CIV. P. (AC, ¶¶59, 61). Plaintiffs' allegations of Defendants' purported "arbitrary and capricious conduct" concern claims administered under the Empire Plan, which is not governed by ERISA. *See* ERISA §3(32). Defendants' administration of claims under the Empire Plan cannot possibly inform any issue underlying Plaintiffs' ERISA claims. These incorrect and inaccurate allegations are confusing and prejudicial and should be stricken. *See Lynch* v. *Southampton Animal Shelter Found. Inc.*, 278 F.R.D. 55, 63 (E.D.N.Y. 2011).

Fifth, Plaintiffs' Amended Complaint asserts no claims for benefits under the Medicare and Medicaid plans administered by the Defendants. Nonetheless, the appendices identify several claims in issue that arise under Defendants' Medicare and Medicaid Plan (the "UHC Community Plan"). (*See* Appendices A, pp. 16-17, B, pp. 1-4). Since Plaintiffs' Amended Complaint does not even assert any Medicare/Medicaid claims and also ignores Medicaid/Medicare statute and regulations concerning disputing claim payments, these claims must be dismissed. *See, e.g., Potts* v. *Rawlings Co., LLC*, 897 F. Supp. 2d 185, 192 (S.D.N.Y. 2012) (explaining the broad scope of Medicare preemption and the procedure for pursuing a claim under Medicare).

Given the foregoing, Plaintiffs' first five counts under ERISA either fail to state a claim for which relief may be granted or the Court lacks subject matter jurisdiction over those claims due to the aforementioned arbitration agreement. Furthermore, Plaintiffs have failed to allege any factual or legal basis for their claims under Medicare and Medicaid. Consequently, all of these counts are not only subject to dismissal but also, once they are dismissed, there will be no basis for this Court to exercise supplemental jurisdiction over the remaining counts, which must therefore be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), FED. R. CIV. P. *See Fontanez* v. *Skepple*, 12-CIV-1582 ER, 2013 WL 842600 (S.D.N.Y. Mar. 6, 2013), *aff'd*, 13-1301-CV, 2014 WL 1687794 (2d Cir. Apr. 30, 2014).

Defendants incorporate the points articulated in their August 27, 2014 letter explaining why Plaintiffs' state law claims fail to state a claim for relief. Plaintiffs' Amended Complaint has not cured those defects. In addition, Plaintiffs' new Eleventh Count for tortious interference with prospective economic relations similarly fails to state a claim for several reasons. First, it is preempted by ERISA. *See Enigma Mgmt. Corp.* v. *Multiplan, Inc.*, 994 F. Supp.2d 290, 303 (E.D.N.Y. 2014). Second, Plaintiffs' new allegations fail to articulate sufficient facts to state a claim for which relief may be granted. *See Purgess* v. *Sharrock*, 33 F.3d 134, 141 (2d Cir. 1994). Third, Plaintiffs' factual allegations do not meet the level of culpable conduct required to support this claim. *See NBT Bancorp Inc.* v. *Fleet/Norstar Fin. Grp., Inc.*, 87 N.Y.2d 614, 621, 641 N.Y.S.2d 581, 585 (N.Y. 1996). Indeed, Plaintiffs admit that there is a legitimate dispute to be addressed as to whether their contractual arrangements with Defendants had terminated. (AC, ¶¶ 36-54). Moreover, Plaintiffs have not alleged an independent tort of such an egregious nature to warrant the award of punitive damages. *See Rocanova* v. *Equitable Life Assur. Soc. of U.S.*, 83 N.Y.2d 603, 617, 612 N.Y.S.2d 339, 345 (N.Y. 1994).

For the foregoing reasons, Defendants respectfully request that the Court schedule a conference to discuss their proposed motion to dismiss Plaintiffs' Amended Complaint, that the Court grant Defendants leave to file this motion and that it set a briefing schedule for the motion.

Hon. Edgardo Ramos, U.S.D.J.
Re: *Mbody Minimally Invasive Surgery, P.C. v. UnitedHealthCare Insurance Company, et al.*
December 8, 2014
Page 4

Thank you for your consideration of this matter.

Respectfully submitted,

Michael H. Bernstein
Sedgwick LLP


MHB

cc:   Anthony F. Maul, Esq.
      D. Brian Hufford, Esq.
      Jason S. Cowart, Esq.