UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MBODY MINIMALLY INVASIVE SURGERY, P.C.,
NICK GABRIEL, D.O., JODIE BREWER and ERIN
NASTRO,

                                      Plaintiffs,                    Civil Act. No.: 14-cv-2495(ER)

        -against-

                                                                    **DOCUMENT**
UNITED HEALTHCARE INSURANCE                     **ELECTRONICALLY FILED**
COMPANY, UNITED HEALTHCARE OF
NEW YORK, UNITED HEALTHCARE SERVICE,
LLC, and UNITED HEALTHCARE SERVICES, INC.,

                                        Defendants.
-----------------------------------------------------------------X

---

### DEFENDANTS' REPLY MEMORANDUM OF LAW
### IN FURTHER SUPPORT OF MOTION TO DISMISS AND IN OPPOSITION TO CROSS-MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

---

SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, New York 10281
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
(Sedgwick LLP file no. 03246-000239)
*Attorney for Defendants*

*Michael H. Bernstein*
*John T. Seybert*
    Of Counsel

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ........................................................................................................... 1

ARGUMENT ...................................................................................................................................... 1

    POINT I

    PLAINTIFFS LACK DERIVATIVE STANDING TO PURSUE THEIR CLAIMS ...................... 1

        A.    Plaintiffs Lack Standing To Pursue Any Cause of Action
               For Any of The Claims Listed in Appendix B ................................................................ 1

        B.    Plaintiffs Have No Standing to Pursue Any Cause of Action Premised on .......................
               Assignment of Benefits for Any Claim Listed in Appendix A ...................................... 3

    POINT II

    PLAINTIFFS' COUNTS TWO THROUGH FIVE FAIL TO STATE A CLAIM FOR WHICH RELIEF
    CAN BE GRANTED ........................................................................................................................ 6

    POINT III

    PLAINTIFFS' CLAIMS FOR OUT-OF-NETWORK BENEFITS FOR PLANS PROVIDING ONLY IN-
    NETWORK COVERAGE FAIL TO STATE A CLAIM ................................................................ 8

    POINT IV

    PLAINTIFFS' STATE LAW COUNTS SIX THROUGH ELEVEN SHOULD BE DISMISSED ................ 8

    POINT V

    PLAINTIFFS' CROSS-MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ..................... 10

CONCLUSION ................................................................................................................................ 11

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

### Cases

*Beth Israel Med. Ctr.* v. *Horizon Blue Cross & Blue Shield of New Jersey, Inc.*,
  448 F.3d 573 (2d Cir. 2006) ....................................................................................5

*Biomed Pharmaceuticals, Inc.* v. *Oxford Health Plans (NY), Inc.*,
  No. 10 Civ. 7427(JSR), 2011 WL 803097 (S.D.N.Y. Feb. 18, 2011) .....................5

*Chemung Canal Trust Co.* v. *Sovran Bank/Maryland*,
  939 F.2d 12 (2d Cir. 1991) ......................................................................................2

*CIGNA Corp.* v. *Amara*,
  563 U.S. 421 (2011) .............................................................................................. 3, 4

*Curran* v. *Aetna Life Ins. Co.*,
  No. 13-CV-00289 NSR, 2013 WL 6049121, (S.D.N.Y. Nov. 15, 2013)..................7

*Eugene S.* v. *Horizon Blue Cross Blue Shield of New Jersey*,
  663 F.3d 1124 (10th Cir. 2011)...............................................................................4

*Faber* v. *Metropolitan Life Ins. Co.*,
  648 F.3d 98 (2d Cir. 2011) ........................................................................... 3, 4, 7, 8

*Horoshko* v. *Citibank, N.A.*,
  373 F.3d 248 (2d Cir. 2004) ..................................................................................11

*Houston* v. *Teamsters Local 210, Affiliated Health & Ins. Fund-Vacation Fringe Ben. Fund*,
  27 F. Supp. 3d 346 (E.D.N.Y. 2014),
  *appeal dismissed* (Mar. 13, 2015) ..........................................................................4

*In re Merrill Lynch Ltd. Partnerships Litigation*,
  7 F.Supp.2d 256 (S.D.N.Y. 1997) ...........................................................................11

*Joan Hansen & Co. v. Everlast World's Boxing Headquarters Corp.*,
  296 A.D.2d 103, 744 N.Y.S.2d 384 (2d Dep't 2002) ...............................................9

*John Hancock Mut Life Ins. Co.* v. *Harris Trust and Sav. Bank*,
  510 U.S. 86 (1993) ...................................................................................................7

*Keepers, Inc.* v. *City of Milford*,
  807 F.3d 24 (2d Cir. 2015) .......................................................................................2

*Kendall* v. *Employees Ret. Plan of Avon Products*,
  561 F.3d 112 (2d Cir. 2009) .....................................................................................2

*Krauss v. Oxford Health Plans, Inc.*,
  517 F.3d 614 (2d Cir. 2008) .....................................................................................6

*Legacy Grp. of Am., Inc.* v. *N. Am. Co. for Life & Health Ins.*,
    336 F. App'x 87 (2d Cir. 2009) ................................................................11

*Mbody Minimally Invasive Surgery, P.C.* v. *Empire Healthchoice HMO, Inc.*,
    13-cv-6551(TPG), 2014 WL 4058321 (S.D.N.Y. Aug. 15, 2014) ........................6

*Med. Soc. of State of New York* v. *Oxford Health Plans, Inc.*,
    15 A.D.3d 206, 790 N.Y.S.2d 79 (2005) ......................................................10

*Nechis* v. *Oxford Health Plans, Inc.*,
    421 F.3d 96 (2d Cir. 2005) ................................................................ 2, 7

*New York Psychiatric Ass'n., Inc.* v. *United Health Group, Inc.*,
    798 F.3d 125 (2d Cir. 2015) .....................................................................6

*Pennsylvania Chiropractic Ass'n* v. *Indep. Hosp. Indem. Plan, Inc.*,
    802 F.3d 926 (7th Cir. 2015) ............................................................. 2, 7

*Peterson* v. *Unitedhealth Group, Inc.*,
    No. 14-cv-2101, 2015 WL 5776138 (D. Minn. Oct. 1, 2015) ...........................4

*Porat* v. *Lincoln Towers Community Ass'n*,
    464 F.3d 274 (2d Cir. 2006) ...................................................................11

*Premier Health Ctr., P.C.* v. *UnitedHealth Grp.*,
    No. Civ. A. 11-425(ES), 2012 WL 1135608 (D.N.J. Apr. 4, 2012) .....................5

*Riverview Health Inst. LLC* v. *Medical Mut. Of Ohio*,
    601 F.3d 505 (6th Cir. 2010)
    *cert. denied*, 2010 WL 2567509 (6th Cir. Oct. 4, 2010) ...............................5

*Rojas* v. *Cigna Health & Life Ins. Co.*,
    793 F.3d 253 (2d Cir. 2015) .......................................................... 2, 6, 7

*Simon* v. *Gen. Elec. Co.*,
    263 F.3d 176 (2d Cir. 2001) .....................................................................2

*U.S. Airways, Inc.* v. *McCutchen*,
    133 S.Ct. 1537 (2013) ..............................................................................3

## Statutes

ERISA §102(a), 29 U.S.C. §1022(a)...............................................................4, 6

ERISA §3(8), 29 U.S.C. §1002(8)..................................................................1, 7

ERISA §502..............................................................................1, 2, 3, 6, 7

ERISA §503, 29 U.S.C. §1133...........................................................................6

N.Y Ins. Law §3224-a...............................................................................9, 10

N.Y. GBL §349.........................................................................................................................................9

**Rules**

Rules 12(b)(1) and (6), Fed. R. Civ. P.,...........................................................................................1

## PRELIMINARY STATEMENT

Defendants respectfully submit this Reply Memorandum of Law in further support of their motion for an order pursuant to Rules 12(b)(1) and (6), FED. R. CIV. P., dismissing Plaintiffs' Amended Complaint ("AC") dated November 10, 2014 (Doc. No. 21) and in opposition to Plaintiffs' cross-motion for leave to file a second amended complaint.[1]

## ARGUMENT

### POINT I
### PLAINTIFFS LACK DERIVATIVE STANDING TO PURSUE THEIR CLAIMS

Defendants demonstrated in their principal brief that Plaintiffs' ERISA claims must be dismissed because they did not have statutory standing to pursue any of them at the time the action was commenced.  (Defs' MOL, pp. 7-8).  In opposition, Plaintiffs argue that they only need to allege facts showing that they have suffered an injury-in-fact in order to establish their Constitutional standing to avoid dismissal.  (Plts' MOL, pp. 7-8).  Plaintiffs' argument is fatally flawed because controlling law from this Circuit holds that they must allege also facts showing that they have statutory standing under ERISA in order to pursue any claims under that statute.  ERISA §502(a), 29 U.S.C. §1132(a), which is ERISA's remedial section, states that only plan "participants" and "beneficiaries" can seek relief under this section.  Each of Plaintiffs' first five counts is premised on Plaintiffs' allegation that they are, in effect, ERISA "beneficiaries" (ERISA §3(8), 29 U.S.C. §1002(8)) based on assignments of benefits.  As a matter of law, however, Plaintiffs do not have ERISA standing to pursue any of these causes of action, and therefore, all of Plaintiffs' ERISA counts must be dismissed.

### A.     Plaintiffs Lack Standing To Pursue Any Cause of Action For Any of The Claims Listed in Appendix B

Plaintiffs concede that they did not have any assignments of benefits for patients whose claims are listed on Appendix B to the AC.  (AC, ¶9).  Nonetheless, Plaintiffs argue that their lack of "statutory standing" is not a jurisdictional defect and that the standing issue can be cured at some later date.  Plaintiffs provide no support for this

---

[1] Plaintiffs have voluntarily dismissed their claims on behalf of Jodie Brewer and Erin Nastro and their claims for benefits under the Medicaid and Medicare Plans.  (Doc. No. 49, Plts' MOL, p. 1, n.1).  Defendants will therefore not address those points further.

argument, and to the extent they rely on *Pennsylvania Chiropractic Ass'n* v. *Indep. Hosp. Indem. Plan, Inc.*, 802 F.3d 926, 928 (7th Cir. 2015), it is clear that the Seventh Circuit in that case held otherwise.  Specifically, the Seventh Circuit in *Pennsylvania Chiropractic Ass'n*, held that the plaintiffs had not demonstrated that they had standing as ERISA beneficiaries and dismissed all of the plaintiffs' ERISA claims.  In so holding the Seventh Circuit reversed the district court's order awarding the plaintiffs an injunction and damages based on its purported standing as an ERISA beneficiary and reaffirmed that only plan participants and beneficiaries are entitled to the protections and relief available under ERISA §502(a).  *Id.* at 928. ("A 'beneficiary' is a person designated 'by a participant' or 'by the terms of an employee benefit plan,' and Plaintiffs are neither").

Controlling law from this Circuit confirms that a party must have statutory standing to bring claims under ERISA at the time it commences the action. *See Keepers, Inc.* v. *City of Milford*, 807 F.3d 24, 39 (2d Cir. 2015) ("standing doctrine is to ensure that 'the plaintiff at issue is the appropriate plaintiff to bring a claim.'").  In *Kendall* v. *Employees Ret. Plan of Avon Products*, 561 F.3d 112, 118 (2d Cir. 2009), the Second Circuit explained that it reviews "statutory standing *de novo*, provided the statutory standing questions are of a legal nature," and that "[a] plan participant suing under ERISA must establish both statutory standing and constitutional standing, meaning the plan participant must identify a statutory endorsement of the action and assert a constitutionally sufficient injury arising from the breach of a statutorily imposed duty." *See Rojas* v. *Cigna Health & Life Ins. Co.*, 793 F.3d 253 (2d Cir. 2015) (affirming dismissal of claims under ERISA because medical provider was not a beneficiary); *Nechis* v. *Oxford Health Plans, Inc.*, 421 F.3d 96, 101 (2d Cir. 2005)(affirming dismissal of a former participant in the plan because she was no longer a participant at the time the action was commenced); *Simon* v. *Gen. Elec. Co.*, 263 F.3d 176, 177 (2d Cir. 2001) (plaintiff "conceded that he is neither a participant nor beneficiary of the plan under which his benefit claims arise. Accordingly, he *cannot bring suit under §502*.") (emphasis supplied); *Chemung Canal Trust Co.* v. *Sovran Bank/Maryland*, 939 F.2d 12, 14 (2d Cir. 1991) ("Section 502 of ERISA, 29 U.S.C. §1132(a), specifies those who may bring actions under ERISA and the types of actions each *may pursue*.") (emphasis supplied).  Conspicuously absent from Plaintiffs' opposition is a reference to any case where the court permitted a plaintiff to cure its lack of statutory standing after the action was commenced.  Given the foregoing, it is clear

that Plaintiffs cannot cure their lack of statutory standing at some later date.  Because they lacked standing at the inception

of the case for all claims identified on Appendix B, their action based on these claims must be dismissed on that ground.

**B.      Plaintiffs Have No Standing to Pursue Any Cause of Action Premised on Assignment of Benefits for Any Claim Listed in Appendix A**

Defendants demonstrated in their principal brief that all five of Plaintiffs' ERISA Counts, for which they allege

derivative standing based on purported assignments of benefits, should be dismissed.  (Defs' MOL, pp. 8-12).  In this

regard, it is important to bear in mind that Plaintiffs' ERISA claims are based on allegations that Defendants acted as

ERISA fiduciaries and in fact, breached those fiduciary duties when they adjudicated the benefit claims in issue.  Yet

ERISA requires that fiduciaries administer claims pursuant to the terms of a written benefit plan.  (AC, ¶¶26-27, 98).  In

fact, in *U.S. Airways, Inc.* v. *McCutchen*, 133 S.Ct. 1537, 1548 (2013), the U.S. Supreme Court observed "[t]he plan, in short,

is at the center of ERISA."  Accordingly, in support of their motion, Defendants submitted copies of all of the relevant

plan documents for each claim forming the basis of Plaintiffs' action.  These documents show, unequivocally, that the

plans bar assignments of benefits to medical providers.  *See Faber* v. *Metropolitan Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir.

2011) (the Court may consider the Plan documents on a motion to dismiss).

Plaintiffs argue in opposition that this Court may not consider the written plan documents on a motion to

dismiss.  (Plts' MOL, p. 10).  Plaintiffs first argue (incorrectly) that the Court cannot consider the plan documents because

they did not specifically mention or otherwise incorporate them by reference into the AC.  This argument is meritless

because: (1) Appendix A to the AC lists each Members' identification number, each of which refers to a specific ERISA

benefit plan; and (2) controlling law requires that this Court review the written plan terms to determine whether the

benefits are owed.  *See CIGNA Corp.* v. *Amara*, 563 U.S. 421, 436 (2011) ("The statutory language [of ERISA

§502(a)(1)(B)] speaks of 'enforc[ing]' the 'terms of the plan,' not of changing them."); *Faber, supra*.  Accordingly, Plaintiffs'

AC incorporates each plan by reference, particularly because they seek to enforce the terms of these plans and obtain

benefits alleged due under them.

Plaintiffs next argue that this Court may not consider several Summary Plan Descriptions ("SPD") because they

*may* differ from the actual plan documents.  (Plts' MOL, p. 10).  This argument is misplaced.  Plaintiffs rely on *Amara*, 563

U.S. at 441, to argue that these SPDs are not the Plan, but that is an overstatement of the holding in that case. In *Amara*, the plaintiff alleged that the SPD included misrepresentations about benefits owed. The Plan argued that the actual plan documents controlled regardless of what was stated in the SPD, which is only a summary of plan terms. Plaintiffs sought reformation of the plan to conform it to the terms of the SPD where they were not consistent. As a matter of law, ERISA plan administrators are statutorily required to furnish participants with a copy of the SPD. *See* ERISA §102(a), 29 U.S.C. §1022(a). The SPDs should therefore accurately summarize plan terms and in fact, SPDs sometimes serve as the governing plan document when there is no other document that serves this function. *See Eugene S.* v. *Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124, 1131 (10th Cir. 2011); *Houston* v. *Teamsters Local 210, Affiliated Health & Ins. Fund-Vacation Fringe Ben. Fund*, 27 F. Supp. 3d 346, 349, n.2 (E.D.N.Y. 2014), *appeal dismissed* (Mar. 13, 2015). Unlike the situation in *Amara*, however, Plaintiffs here have not alleged that the SPDs are in any way inconsistent with governing plan terms or that any other plan documents exist for these Plans other than those SPDs. *See Faber*, 648 F.3d at 104.

Plaintiffs contend that the Plans' unambiguous anti-assignment clauses do not actually bar them from obtaining derivative standing to pursue their patients' ERISA benefit claims (Plts' MOL, p. 11), but none of their arguments support that position. In this regard, Plaintiffs' argument that they are entitled to proceed as their patients' "authorized representatives" is entirely without merit. First, Plaintiffs did not commence this action in a representative capacity on their patients' behalf or as some kind of authorized representative. Rather Plaintiffs commenced this action in their own names and on their own behalf. *Cf. Peterson* v. *Unitedhealth Group, Inc.*, No. 14-cv-2101, 2015 WL 5776138 (D. Minn. Oct. 1, 2015) (suing "on behalf of Patients").[2] Specifically, Plaintiffs allege that they were underpaid, that they were subjected to an improper audit and that they did not receive copies of the SPDs. (AC, ¶¶101, 104, 110, 124, 129, 138). None of these allegations are on behalf of the patients.

Plaintiffs next argue that Defendants waived the right to rely on the Plans' anti-assignment provision because they made direct payments on claims to Plaintiffs. This argument is without merit for a number of reasons. First, as the

---

[2] Plaintiffs' counsel's suggestion that United conceded that out-of-network providers could proceed as authorized representatives in a civil action for ERISA plan benefits (Plts' MOL, p. 9) is demonstrably false. The cited pages do not support such a conclusion. (Maul Decl., Ex. "2," pp. 19-20).

Court is aware, Defendants believed Plaintiffs to be in-network providers and, pursuant to the terms of the provider network contracts, they were entitled to direct payment of benefits.  Plaintiffs concede this point.  (AC, ¶¶ 36-48). Plaintiffs cannot now claim that Defendants' payment to them as in-network providers constitutes a waiver of the anti-assignment provision.  Defendants could not waive that provision because its payments to Plaintiffs were done pursuant to a contractual obligation it believed to be in force.  *See Beth Israel Med. Ctr.* v. *Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 585 (2d Cir. 2006) (noting that waiver requires a "clear manifestation" of an intent to waive a contractual provision).  In this regard, Plaintiffs' reliance on *Biomed Pharmaceuticals, Inc.* v. *Oxford Health Plans (NY), Inc.*, No. 10 Civ. 7427(JSR), 2011 WL 803097 (S.D.N.Y. Feb. 18, 2011), is misplaced because the provider in that case was undisputedly an out-of-network provider and that Oxford's payments were made to it as an out-of-network provider.  In addition, the ruling in *Biomed* was in error because the court ignored a plan provision stating that waiver by any party of any breach of any plan term will not be construed as a waiver of any subsequent breach of the same or any other provision.  *Id.* at *4-*5.  Plaintiffs' reliance on *Premier Health Ctr., P.C.* v. *UnitedHealth Grp.*, No. Civ. A. 11-425(ES), 2012 WL 1135608 (D.N.J. Apr. 4, 2012) and the parties purported "course of conduct," is also misplaced.  Like in *Biomed*, the plaintiffs in *Premier* were out-of-network and not entitled to direct payment of claims under any in-network arrangement. But again, the parties in the matter *sub judice* had direct contractual relationships requiring, *inter alia*, direct payment on claims.  Such conduct, which Defendants engaged in as part of their understanding of an ongoing direct contractual relationship with Plaintiffs, cannot constitute a waiver of the anti-assignment clauses, which are really only relevant to out-of-network providers.[3]  Again, in-network providers such as Plaintiffs had a contractual right to direct payment and other kinds of direct access to Defendants concerning issues that arose under the in-network agreements.  Notably, *Biomed* and *Premier* are inconsistent with the Sixth Circuit's holding in *Riverview Health Inst. LLC* v. *Medical Mut. Of Ohio*, 601 F.3d 505, 520-21 (6th Cir. 2010) *cert. denied*, 2010 WL 2567509 (6th Cir. Oct. 4, 2010), which held that where a health insurer had

---

[3] Indeed, according to the Network Agreements entered into between Dr. Gabriel and Defendants, the parties were to resolve disputes (including payment disputes) in accordance with the mandatory dispute resolution procedures provided and agreed to by the parties.  (AC, ¶¶ 36-44, Declaration of Jeff Pogany dated Oct. 16, 2014, Doc. No. 43, Ex. "2," pp. 4-5); Declaration of Terry Lee Brinkler dated Oct. 16, 2014, Doc. No. 42, Ex. "4," pp. 22-24).

previously paid claims assigned by an insured to an out-of-network provider, they were not estopped from denying that providers were valid assignees where the health care certificates had unambiguous anti-assignment clauses. In this regard, it is worth noting that despite Plaintiffs' attempts to distinguish *Mbody Minimally Invasive Surgery, P.C.* v. *Empire Healthchoice HMO, Inc.*, 13-cv-6551(TPG), 2014 WL 4058321 (S.D.N.Y. Aug. 15, 2014), they acknowledged that the anti-assignment clause in that case barred many of the Plaintiffs' claims. (Reply Declaration of Michael H. Bernstein dated February 5, 2016, Ex. "SS," p. 3, n.3).

## POINT II
## PLAINTIFFS' COUNTS TWO THROUGH FIVE FAIL TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

Defendants demonstrated that in addition to Plaintiffs' lack of standing to pursue their claims under ERISA, each of their Counts Two through Five fail to state a claim for which relief may be granted. (Defs' MOL, pp. 13-19). Plaintiffs' Count Two seeks relief for alleged violations of ERISA §503, 29 U.S.C. §1133, which requires that ERISA-governed plans provide a full and fair review procedure. Defendants demonstrated that ERISA §503 is not a remedial statute and that Plaintiffs are not entitled to any relief under this section. (Defs' MOL, pp. 13-15). Plaintiffs disagree, but fail to cite to any case that found relief to be available under this section. Instead, they suggest that three precedential Second Circuit opinions cited by Defendants, which affirmed dismissal of similar claims, actually only dismissed the ERISA §503 claim for procedural reasons, but not on the merits. That is simply wrong – the Second Circuit squarely ruled that "full and fair review concerns a beneficiary's procedural rights, for which the typical remedy is remand for further administrative review." *Krauss* v. *Oxford Health Plans, Inc.*, 517 F.3d 614, 630 (2d Cir. 2008). Furthermore, Plaintiffs have not identified any relief sought for alleged procedural violations that is not available under ERISA §502(a)(1)(B). Therefore, these claims should be dismissed. Plaintiffs also argue that they can seek relief under ERISA §502(a)(3) for alleged procedural violations. While the Second Circuit recognized in *New York Psychiatric Ass'n, Inc.* v. *United Health Group, Inc.*, 798 F.3d 125 (2d Cir. 2015) that a "plan participant" may be able to allege such a claim, it affirmed dismissal of a medical provider's attempt to do so. 798 F.3d at 135. Plaintiffs have not alleged any facts to distinguish their claims here from the out-of-network provider's claims in *New York Psychiatric Ass'n. See also Rojas*, 793 F.3d at 258.

Defendants also demonstrated that Plaintiffs' Count Three seeking statutory penalties against United is misplaced. (Defs' MOL, pp. 15-16). Plaintiffs argue that they can allege a claim for statutory penalties against United as a *de facto* plan administrator for failure to provide them with an SPD. (Plts' MOL, pp. 18-19). First of all, Plaintiffs are not parties that are even entitled to request and receive an SPD under the statute. *See* ERISA §102(a); 29 U.S.C. §1022(a). Consequently, Plaintiffs have no standing to seek any relief under this section regardless of their purported assignments. *See Rojas, supra; Pennsylvania Chiropractic Ass'n , supra.* Furthermore, none of the Defendants are the plan administrator for any Plan at issue. Only the statutorily defined plan administrator may be held responsible for violation of this section. *See Nechis,* 421 F.3d at 104. Although Plaintiffs assert that there is an issue of fact as to whether United is the plan administrator for any of the plans, this is wrong as a matter of law. Under ERISA §3(16), 29 U.S.C. §1002(16), the Plan Administrator is the plan sponsor (i.e. the employer) or the named administrator in the plan. Defendants' Appendix, which sets forth all of the expressly identified plan administrators for the ERISA and non-ERISA governed plans in issue, demonstrates that United is not the named Plan Administrator for any plan at issue here and for the plans where an administrator is not expressly named, the Administrator is the employer, not United. *Id.* Thus, there is no issue of fact concerning whether United is a party that may be required to pay statutory penalties for failure to provide a copy of an SPD to Plaintiffs. *See Curran* v. *Aetna Life Ins. Co.,* No. 13-CV-00289 NSR, 2013 WL 6049121, at *5 (S.D.N.Y. Nov. 15, 2013).

Defendants demonstrated in support of their motion to dismiss Plaintiffs' Count Four that they cannot be liable for a breach of ERISA fiduciary duties for alleged misuse of plan assets because the alleged "assets" Plaintiffs identified are the insurers' general assets backing the group insurance policies that fund benefits under the Plans. These are not "plan assets" as a matter of law. (Defs' MOL, pp. 16-18). Although Plaintiffs argue that the "assets" are the money owed to the plan beneficiaries (Plts' MOL, p. 19), this proposition is completely erroneous. The only plan asset for any insured plan at issue here is the guaranteed benefit policy, not the insurer's general assets that back the policy benefits. *See John Hancock Mut Life Ins. Co.* v. *Harris Trust and Sav. Bank,* 510 U.S. 86, 101 (1993); *see also Faber,* 648 F.3d at 105. Defendants also demonstrated that they cannot be found in breach of any ERISA fiduciary duty when they have

complied with written plan terms.  (Defs' MOL, p. 18).  While Plaintiffs argue that Defendants can still breach fiduciary duties if Plan terms violate ERISA, this is not only a stretch, but more importantly, Plaintiffs have not identified any term of any plan that violates ERISA.  (Plts' MOL, pp. 19-20).

Defendants also demonstrated that Plaintiffs' Count Five seeking declaratory relief was not appropriate because it is not available under ERISA §502(a)(3) as "other appropriate equitable relief."  Plaintiffs' opposition does not identify any claim for declaratory relief that could be granted under ERISA §502(a)(3).

## POINT III
## PLAINTIFFS' CLAIMS FOR OUT-OF-NETWORK BENEFITS FOR PLANS PROVIDING ONLY IN-NETWORK COVERAGE FAIL TO STATE A CLAIM

Defendants demonstrated in their principal brief that two of the plans at issue do not provide any coverage for out-of-network services.  (Defs' MOL, p. 13).  Thus, Plaintiffs only received benefit payments under these plans because Defendants believed them to be in-network providers.  Because Plaintiffs have alleged they were out-of-network providers, no benefits are available under these Plans.  In response, Plaintiffs incorrectly argue that the Court cannot consider the terms of these Plans on a motion to dismiss.  (Plts' MOL, pp. 15-16).  That argument is inconsistent with controlling Second Circuit authority.  *See Faber*, 648 F.3d at 104.  Plaintiffs also argue that certain state laws may require coverage for out-of-network services.  But none of those laws can change the Plan terms, and Plaintiffs cite no such laws here.  (Defs' MOL, p. 13).  Accordingly, Plaintiffs' claims related to those Plans should be dismissed.

## POINT IV
## PLAINTIFFS' STATE LAW COUNTS SIX THROUGH ELEVEN SHOULD BE DISMISSED

Defendants' principal brief demonstrated that each of Plaintiffs' state law counts fails to state a claim for relief.  (Defs' MOL, pp. 20-25).  Plaintiffs' opposition consists of nothing more than gainsaying and provides no legal basis for denying Defendants' motion on the grounds provided.  (Plts' MOL, pp. 20-25).  Defendants moved to dismiss Plaintiffs' Count Six for breach of contract on the non-ERISA governed plans on the grounds that Plaintiffs lack standing to pursue these claims.  (Defs' MOL, pp. 19-20).  Plaintiffs argue that they are entitled to pursue a claim for breach of contract on their patients' behalf because the anti-assignment provisions of the non-ERISA governed plans do not bar assignments of these causes of action.  (Plts' MOL, p. 21).  This argument is wrong for all the reasons discussed in Points

I and II, *supra*. With respect to Count Seven, Defendants cited numerous cases where state courts held that a breach of good faith and fair dealing cause of action must be dismissed as duplicative of a breach of contract cause of action. (Defs' MOL, pp. 20-21). Plaintiffs' opposition provides no contrary legal authority.

Similarly, Defendants demonstrated in their principal brief that Plaintiffs cannot maintain their claims for unjust enrichment because there are written contracts that govern the parties' relationship and cited controlling case law confirming that this Count must be dismissed. (Defs' MOL, p. 21). Defendants also demonstrated that as a matter of law, they were not unjustly enriched under the circumstances described in the AC. (*Id*). Plaintiffs cite no contrary case law. (Plts' MOL, p. 21). Instead, Plaintiffs incorrectly and inconsistently assert that "the Plans themselves *do not govern* the relationship between United and Plaintiffs." (*Id*, p. 22) (emphasis in original). But Plaintiffs also do not offer any logical reason why the Empire Plan (or any other non-ERISA Plan) does not govern the claims for benefits which form the basis of their Count Eight (to the extent those claims are not governed by the parties' direct in-network agreements). Manifestly, Defendants did not receive or request the services Plaintiffs rendered – the patients did. It is well-settled that "if services were performed at the behest of someone other than the defendant, the plaintiff must look to that person for recovery." *Joan Hansen & Co. v. Everlast World's Boxing Headquarters Corp.*, 296 A.D.2d 103, 108, 744 N.Y.S.2d 384, 389 (2d Dep't 2002). Plaintiffs have not cited any contrary authority. Accordingly, Plaintiffs' Count Eight fails to state a claim and must be dismissed.

Plaintiffs' Count Nine under GBL §349 should also be dismissed. As demonstrated in Defendants' principal brief, this claim is preempted for the ERISA claims and, for the non-ERISA claims, Plaintiffs failed to allege facts supporting the allegation that Defendants violated GBL §349. (Defs' MOL, pp.22-23). Plaintiffs concede that this claim is preempted to the extent it relates to claims under ERISA plans, but incorrectly argue that they have alleged sufficient facts to support the GBL §349 claim as to the non-ERISA claims. (*Id*) (Plts' MOL, p. 21-22). As was demonstrated in Defendants' principal brief, Plaintiffs only allege certain purportedly deceptive practices directed at Defendants' Members. Again, Plaintiffs are not the Members and thus, have not alleged that they are entitled to any relief under this section. (AC, ¶185). Manifestly, Plaintiffs are providers of medical services, not consumers. N.Y. GBL §349 only protects

consumers and therefore Plaintiffs' Count Eight must be dismissed.

Defendants sought dismissal of Plaintiffs' Count Ten (the "Prompt Pay Law") because there is no private right of action under this section and because Plaintiffs' allegations themselves demonstrate that Defendants had a good faith dispute over the benefits allegedly due. (Defs' MOL, pp. 23-24). In opposition, Plaintiffs fail to identify any First Department case recognizing a medical provider's private right of action under N.Y INS. LAW §3224-a. In fact, the only case on point in this Department holds the opposite to be so. *Med. Soc. of State of New York* v. *Oxford Health Plans, Inc.*, 15 A.D.3d 206, 790 N.Y.S.2d 79, 80 (2005) (affirming dismissal and holding that plaintiff does not have a private right of action under N.Y. INS. LAW §3224-a to pursue any alleged late payment penalties). Plaintiffs also failed to allege facts showing that their right to payment was "reasonably clear" as required by the statute. Indeed, their allegations highlight several points of dispute, which show that as a matter of law, Plaintiffs' claims were not "clean."

Defendants moved to dismiss Plaintiffs' Count Eleven for tortious interference with prospective economic relations on the grounds that it is preempted by ERISA and also because Plaintiffs failed to allege facts supporting all elements of this claim. (Defs' MOL, pp. 24-25). Defendants cited several cases holding that this claim is preempted by ERISA where the allegations relate to Defendants' administration of the Plan. Here, it is clear that Plaintiffs allege they should be treated as an "out-of-network" providers. Plaintiffs provide no response to Defendants' argument under the terms of the ERISA Plans, and thus, their allegations relate to the terms of the Plans and are preempted for the ERISA claims. (AC, ¶¶202-204). Furthermore, Defendants demonstrated that Plaintiffs have not alleged any fraudulent or misleading statements by Defendants to support their non-ERISA claims. As demonstrated by the letters filed by Mbody's former counsel, Dr. Gabriel sought to terminate United's agreements, but did so improperly. (Brinkler Dec., Doc. No. 42, Exs. "20" & "21"). Thus, the parties dispute whether Plaintiffs were in-network at the time in issue and therefore no tort claim can lie.

**POINT V**
**PLAINTIFFS' CROSS-MOTION FOR LEAVE TO AMEND SHOULD BE DENIED**

By letter dated August 27, 2014, Defendants set forth the bases for their intended motion to dismiss and explained why Plaintiffs' initial Complaint failed to state a claim for relief. At a conference held on October 10, 2014, this

Court allowed Plaintiffs to file an amended complaint to address the deficiencies identified in Defendants' letter. (T. 8:2-9:10). The Plaintiffs filed an Amended Complaint, which presumably addressed Defendants' challenges and that Plaintiffs believed could withstand a motion to dismiss. Defendants filed a second request for leave to move to dismiss, held a second conference with the Court and filed a motion to dismiss. Now, that Defendants have filed their motion, Plaintiffs want a third opportunity to amend. The Court should reject this request.

Initially, Plaintiffs' cross-motion for leave to file a Second Amended Complaint should be denied for failure to follow the Court's Individual Rules. Specifically, Rule 2, A (ii) requires that a pre-motion conference be requested and held before any party may file a motion. Plaintiffs did not seek a pre-motion conference. This Court may deny Plaintiffs' second request for leave to first replead for failure to seek a pre-motion conference. *See Legacy Grp. of Am., Inc. v. N. Am. Co. for Life & Health Ins.*, 336 F.App'x 87, 92 (2d Cir. 2009).

Moreover, this Court should deny Plaintiffs' request for yet another chance to plead a viable claim for relief. In *In re Merrill Lynch Ltd. Partnerships Litigation*, 7 F.Supp.2d 256, 276 (S.D.N.Y. 1997) the court correctly observed that "… a pleading is not an interactive game in which plaintiffs file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable complaint emerges." Plaintiffs are not entitled to a third opportunity to bat their pleading over the net, particularly in light of the fact that they have already had the benefit of two pre-motion conference letters and a motion to dismiss from Defendants.

Finally, Plaintiffs should not be given leave to file a proposed Second Amended Complaint because they did not identify any deficiency in the Amended Complaint that they intend to cure. *See Porat v. Lincoln Towers Community Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006); *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249 (2d Cir. 2004).

## CONCLUSION

For the foregoing reasons, this Court should grant United's motion in all respects and enter an order dismissing Plaintiffs' Amended Complaint in its entirety and with prejudice, deny Plaintiffs' cross-motion, and grant such other and further relief that the Court deems just and proper.

Dated:   New York, New York                    Respectfully Submitted,
         February 4, 2016


                                                 s/ Michael H. Bernstein
                                               Michael H. Bernstein
                                               SEDGWICK LLP
                                               225 Liberty Street, 28th Floor
                                               New York, New York 10281-1008
                                               *Attorneys for Defendants*


To:


Ilze C. Thielmann, Esq.
WHATLEY KALLAS LLP
1180 Avenue of the Americas, 20th Floor
New York, NY 10036


Anthony F. Maul, Esq.
THE MAUL FIRM, P.C.
68 Jay Street, Suite 201
Brooklyn, NY 11201


D. Brian Hufford, Esq.
Jason Cowart, Esq.
ZUCKERMAN SPAEDER LLP
399 Park Avenue, 14th Floor
New York NY 10022
*Attorneys for Plaintiffs*

List of Named Plan Administrators From
Declaration of Ngoc Han S. Nguyen dated Dec. 17, 2015

| Exhibit | Bates Stamped Page Number | Named Plan Administrator |
|---|---|---|
| A | UHC (MBODY) 0000003 | NYS Department of Civil Services |
| B | UHC (MBODY) 0000119 | NYS Department of Civil Services |
| C | UHC (MBODY) 0000531 | BNP Paribas |
| D | UHC (MBODY) 0000540 | NYS Department of Civil Services |
| E | UHC (MBODY) 0000685 | NYS Department of Civil Services |
| F | UHC (MBODY) 0000871 | |
| G | UHC (MBODY) 0000969 | NYS Department of Civil Services |
| H | UHC (MBODY) 0001084 | NYS Department of Civil Services |
| I | UHC (MBODY) 0001229 | NYS Department of Civil Services |
| J | | |
| K | UHC (MBODY) 0001405 | NYS Department of Civil Services |
| L | UHC (MBODY) 0001513 | NYS Department of Civil Services |
| M | | |
| N | UHC (MBODY) 0001799 | NYS Department of Civil Services |
| O | UHC (MBODY) 0001987 | Employee Benefits Committee of Sprint |
| P | | |
| Q | UHC (MBODY) 0002314 | |
| R | UHC (MBODY) 0002462 | Suffolk School Employees Health Plan |
| S | | |
| T | UHC (MBODY) 0002700 | NYS Department of Civil Services |
| U | UHC (MBODY) 0002932 | Unilever |
| V | UHC (MBODY) 0002938 | NYS Department of Civil Services |
| W | UHC (MBODY) 0003081 | NYS Department of Civil Services |
| X | | |
| Y | UHC (MBODY) 0003339 | NYS Department of Civil Services |
| Z | UHC (MBODY) 0003616 | East End Health Plan |
| AA | UHC (MBODY) 0003630 | NYS Department of Civil Services |
| BB | | |
| CC | UHC (MBODY) 0003942 | |
| DD | UHC (MBODY) 0004085 | |
| EE | | |
| FF | UHC (MBODY) 0006399; 0006467 | National Grid |
| GG | UHC (MBODY) 0004550 | Enzo Biochem, Inc. |
| HH | UHC (MBODY) 0004591 | NYS Department of Civil Services |
| II | UHC (MBODY) 0004854 | ARAMARK Uniform Services |
| JJ | UHC (MBODY) 0004901 | NYS Department of Civil Services |
| KK | UHC (MBODY) 0005085 | Ernst & Young US LLP |
| LL | UHC (MBODY) 0005101 | NYS Department of Civil Services |
| MM | | |
| NN | UHC (MBODY) 0005320 | NYS Department of Civil Services |
| OO | | |
| PP | | |
| QQ | | |