UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MBODY MINIMALLY INVASIVE SURGERY, P.C., *et al.*,<br>　　　　　　　　　　Plaintiffs,<br>　　　　v.<br>UNITED HEALTHCARE INSURANCE COMPANY, *et al.*,<br>　　　　　　　　　　Defendants. | Civil Action No. 14-cv-2495(ER) |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR LEAVE TO AMEND PLEADINGS**

Plaintiffs, Mbody Minimally Invasive Surgery, P.C. ("MMIS") and Nick Gabriel, D.O., ("Dr. Gabriel") (referred to collectively as "Plaintiffs"), by their undersigned attorneys, respectfully submit this Reply Memorandum in further support of their cross-motion for leave to amend the First Amended Complaint.

**ARGUMENT**

Defendants offer several arguments in opposition to Plaintiffs' request for leave to amend, but all are completely lacking in merit. Rule 15(a)(2) provides that a court "should freely give leave [to amend] when justice so requires." The policy behind this rule is that liberal amendment "promotes judicial economy by making it possible to dispose of all contentions between parties in one lawsuit." *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 174 (S.D.N.Y. 2014) (citations omitted). Leave should be granted unless there is "good reason" for denying it, which normally involves the existence of "delay, bad faith, futility of amendment, or undue prejudice to the opposing party." *See id.* (citing *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). As none of the Defendants' arguments establish delay, bad faith, futility or undue prejudice, there is no "good reason" to deny leave to amend in this instance.

First, Defendants persist in incorrectly arguing that Plaintiffs' failure to plead the existence of an assignment of benefits for certain ERISA[1] healthcare claims somehow presents a jurisdictional problem that cannot be cured through amendment. *See* Defs. Opp. (ECF No. 53) at 1-3. Defendants ignore that Plaintiffs have already established jurisdiction by pleading assignments for each of the healthcare claims listed on Appendix A to the Amended Complaint. Defendants also march past the fact that the Supreme Court's decision in *Lexmark Int'l, Inc. v. Static Control Components, Inc.* conclusively establishes that the concept of "statutory standing" (*i.e.*, the question of whether plaintiffs are within the "zone of interests" contemplated by a statute) is unrelated to the question of whether a plaintiff has established jurisdictional "standing" under Article III of the Constitution. *See* 134 S.Ct. 1377, 1386 (2014). Not surprisingly, none of the cases relied on by Defendants holds that the failure to establish "statutory standing" under ERISA presents a jurisdictional issue, let alone one that cannot be cured through amendment. Indeed, the Court need look no further than Plaintiffs' other case in this District, *Mbody Minimally Invasive Surgery, P.C. v. Empire Healthchoice HMO, Inc.*, No. 13-CV-6551 DLC (S.D.N.Y.), for an example of a case where the court granted the plaintiffs leave to amend their pleadings to include assignments that were not part of the original pleadings. Maul Decl. at Ex. 4.[2]

Second, Defendants argue that Plaintiffs' cross-motion violates this Court's Individual Rule 2(A)(ii) insofar as Plaintiffs did not request a pre-motion conference. Defs. Opp. at 11. Because the cross-motion concerns the same issues as Defendants' motion to dismiss, Plaintiffs'

---

[1] "ERISA" refers to the Employee Retirement Income Security Act of 1974.

[2] Moreover, courts are clear that a plaintiff can establish ERISA statutory standing even by acquiring an assignment *after a dispute over benefits has arisen*. *See Lutheran Medical Center v. Contractors, Laborers, Teamsters and Eng'rs Health & Welfare Plan*, 25 F.3d 616, 619 (8th Cir. 1994) ("nothing in ERISA prohibits a plan participant from assigning a cause of action to a health care provider after the services have been rendered and the loss incurred"); *see also Briglia v. Horizon Healthcare Servs.*, 2008 U.S. Dist. LEXIS 25959, at *3 (D.N.J. Mar. 31, 2008).

believed a separate pre-motion conference was not required. However, should the Court prefer to hold such a conference (either before or after deciding Defendants' motion to dismiss), Plaintiffs would have no objection to their cross-motion being held in abeyance pending such conference.

Third, Defendants argue that Plaintiffs, in seeking to further amend their pleadings, are trying to take excessive bites at the apple. *Id.* What Defendants ignore, however, is that Plaintiffs' sole prior amendment of their pleadings was made *as of right* pursuant to Rule 15(a)(1)(B). Although that rule permits amendment any time prior to 21 days after service of a Rule 12(b) motion, based on the Court's stated preference, Plaintiffs filed their Amended Complaint prior to Defendants' motion to dismiss. The present application is, in fact, the very first time Plaintiffs have requested amendment by leave of court – which, under the Rules, is to be freely granted when justice so requires. Defendants offer no arguments as to why the timing or substance of Plaintiffs' action would cause them prejudice.

Finally, Defendants argue that Plaintiffs have failed to identify a deficiency they intend to cure. Defs. Opp. at 11. However, as clearly stated in Plaintiffs' moving papers, Plaintiffs intend to amend their pleadings to, *inter alia*, allege the existence of assignments and/or authorizations for health care claims not originally included in the Amended Complaint.

## CONCLUSION

For the foregoing reasons, and those set out in Plaintiffs' moving papers, the Court should grant Plaintiffs Cross-Motion for Leave to Amend.

Respectfully submitted,
February 11, 2016

/s/ Anthony F. Maul
Anthony F. Maul
THE MAUL FIRM, P.C.
68 Jay Street, Suite 201
Brooklyn, NY 11201
718.310.3704
866.488.7936 (fax)

D. Brian Hufford
Jason S. Cowart
ZUCKERMAN SPAEDER LLP
399 Park Avenue
14th Floor
New York, NY 10022
212.704.9600
212.704.4256 (fax)

*Counsel for Plaintiffs*